IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:09cr203-MHT |
| JOHN ERNEST JOHNSTON | ) | (WO) |

CORRECTED ORDER

The government now contends that it should be absolved of responsibility for delay because it was the United States Marshals Service for the Middle District of Alabama's negligence, not the United States Attorney for the Middle District of Alabama's negligence, that caused any delay.  Accordingly, it is ORDERED that the government, file on or before 4:30 p.m. today, a brief that addresses these cases: United States v. Cone, 310 Fed. Appx. 212, 217 n.7 (10th Cir. 2008) (unpublished) ("Although the U.S. Marshal's Service was possibly involved in this delay, we attribute any portion of the delay caused by it to the 'government.'  In the Sixth Amendment speedy trial analysis, the 'government' includes other entities in addition to the prosecutor."

(citing Barker v. Wingo, 407 U.S. 514, 531 (1972) (delays attributable to overcrowded courts weigh against the government)); Barker v. Wingo, 407 U.S. 531 (1972) (weighing overcrowded courts against the government); United States v. Johnson, 196 F.3d 1000 (9th Cir. 1999) ("The Marshal's Service is not some unrelated government entity with no connection to the U.S. Attorney or to this case.  It is the very entity that the U.S. Attorney used as its agent to serve the detainer on [the defendant]."); id. (finding defendant invoked speedy trial clause of the Interstate Agreement on Detainers Act by delivering his request to the U.S. Marshal's service, rather than to the U.S. Attorney).

   DONE, this the 23d day of July, 2013.

                          /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE