IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
     v.                     )      CRIMINAL ACTION NO.
                            )      3:09cr203-MHT
JOHN ERNEST JOHNSTON        )           (WO)
```

OPINION AND ORDER

The matter is before the court on defendant John
Ernest Johnston's motion to withdraw his guilty plea.
For reasons that will be explained, the motion will be
granted in part.


I.  BACKGROUND

In an opinion issued July 17, 2013, this court
concluded that the government's 14-month delay in
bringing this case to trial violated Johnston's Sixth
Amendment right to a speedy trial as to count one of the
two-count indictment.  United States v. Johnston, 2013 WL
3777315 at *1 (M.D. Ala. 2013) (slip copy).  The court
further found that, because the delay did not prejudice

Johnston as to count two of the indictment, the delay did not violate his rights as to count two.

Having found that Johnston's constitutional rights were violated as to count one, the court turns to the question of whether Johnston should be allowed to withdraw his plea of guilty.  Johnston originally asked the court to withdraw his plea as to both counts, but after the court expressed its opinion as to the speedy-trial violation and after talks with the government, he elected to limit his request to count one.  He thus asks the court for permission to withdraw his plea as to count one only.  The government, though objecting to the court's finding of the speedy-trial violation, takes the position that once the court has made such a finding, the proper response is to dismiss count one.  Accordingly, the government does not believe the court needs to rule on Johnston's motion to withdraw his guilty plea before dismissing count one.

Because Johnston has shown "fair and just reason" for withdrawing his guilty plea as to count one, the motion will be granted as to that count.


## II. DISCUSSION

After a court accepts a plea, but before it imposes a sentence, a defendant may withdraw a plea of guilty if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In deciding whether a defendant has made such a showing, courts consider "the totality of the circumstances surrounding the plea." United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (citations and quotation marks omitted). The Eleventh Circuit Court of Appeals gives the following considerations particular weight in this analysis: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be

3

prejudiced if the defendant were allowed to withdraw his plea." Id.

In this case, both sides agree that Johnston had close assistance of counsel when he entered his guilty plea on July 18, 2012. The first factor thus weighs against allowing Johnston to withdraw his plea.

With regards to the second factor, whether his plea was knowingly and voluntarily given, the court finds that Johnston's plea was insufficiently knowing. Defense counsel failed to spot the speedy-trial violation in this case and thus failed to alert Johnston that he was pleading guilty to a count that should have been dismissed. See United States v. Miller, 694 F. Supp. 2d 1259, 1264 (M.D. Ala. 2010) (Thompson, J.) (finding, in part, that defense counsel's ineffectiveness in not recognizing the error in the state's case prevented plea from being "knowing and voluntary"); id. ("It is well-established that a guilty plea is not knowing and voluntary 'if the defendant does not receive reasonably

4

effective assistance of counsel in connection with the decision to plead guilty.'") (quoting <u>McCoy v. Wainwright</u>, 804 F.2d 1196, 1198 (11th Cir. 1986)).  The second consideration therefore favors withdrawal.

Given this court's finding that Johnston's speedy-trial rights were violated, refusing to allow Johnston to withdraw his plea and instead sentencing him to a term of years would only require appellate or collateral intervention and waste judicial resources.  <u>See</u> <u>Miller</u>, 694 F. Supp. 2d at 1265 (finding that allowing defendant to withdraw his plea would "conserv[e] judicial resources by addressing the issue now in one proceeding rather than later in a separate proceeding.").  Moreover, if the court allows Johnston to withdraw his plea to count one, there will be no need to go to trial, because the court has indicated its intention of dismissing count one with prejudice.  But see, <u>id</u>. (additional resources that would be needed to take the case to trial are "not alone sufficient to prevent the withdrawal of a guilty plea,"

as "to conclude otherwise would reduce the rule to a nullity."). Thus the third factor also weighs in favor of withdrawal.

Finally, the prejudice to the government from allowing Johnston to withdraw his guilty plea is not the typical prejudice contemplated by the "fair and just reasons" analysis. The government will not be prejudiced by lost evidence nor by the faded memories of its witnesses; the court has already determined that count one is due to be dismissed, and the government will not, therefore, be taking this case to trial. To the extent the government is prejudiced by withdrawal of the guilty plea and dismissal of count one, the court has already weighed and considered this concern and found that the government's actions (and inaction) violated Johnston's constitutional rights, and that dismissal of this count is the only appropriate remedy. Johnston, 2013 WL 3777315 at *11; see id. at *10 ("[T]he public interest in a broad sense, as well as the constitutional guarantee,

commands prompt disposition of criminal charges.")
(quoting <u>Strunk v. United States</u>, 412 U.S. 434, 439 n.2
(1973)).

In sum, the court finds that the totality of the
circumstances favor allowing Johnston to withdraw his
plea of guilty to count one of the indictment.
Alternatively, the court notes that the government agrees
the proper resolution of this case is to dismiss count
one, regardless of whether Johnston's plea of guilty to
that count stands or is withdrawn.

\*\*\*

Accordingly, for the above reasons, it is ORDERED
that:

(1) Defendant John Ernest Johnston's motion to
withdraw his guilty plea (doc. no. 49) is (a) granted as
to count one of the indictment and (b) withdrawn as to
count two.

   (2) Defendant Johnston's plea of guilty to count one

is withdrawn.

   DONE, this the 30th day of July, 2013.

                            ___/s/ Myron H. Thompson___
                            UNITED STATES DISTRICT JUDGE